PHILLIP L. SAMPSON, JR. Tex Bar No. 00788344
CHRISTOPHER L. DODSON Tex Bar No. 24050519
BRACEWELL & GIULIANI LLP
711 Louisiana, Suite 2300
Houston, Texas 77002-2781
Telephone: 713-223-2300
Facsimilie: 713-221-1212
phillip.sampson@bgllp.com
chris.dodson@bgllp.com

SASCHA HENRY, CAL. BAR NO. 191914
NORMA V. GARCIA, CAL. BAR NO. 223512
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714-513-5100
Facsimilie: 714-513-5130
shenry@sheppardmullin.com
ngarciaguillen@sheppardmullin.com

Attorneys for Plaintiff
FLATROLLED STEEL, INC.

FERDIE F. FRANKLIN, State Bar No. 61165
JOHN S. MURRAY, State Bar No. 101145
REYNA E. MACIAS, State Bar No. 247809
WALSWORTH, FRANKLIN, BEVINS & McCALL, LLP
1 City Boulevard West, Fifth Floor
Orange, California 92868-3677
Telephone: (714) 634-2522
Facsimile: (714) 634-0686

Attorneys for Defendant
BUSINESS AUTOMATION, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLATROLLED STEEL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BUSINESS AUTOMATION, INC., <br><br> Defendant. | Case No. SA-CV 07-584 CJC (RNB) <br><br> Assigned for All Purposes To: <br> Judge: Hon. Cormac J. Carney <br> Dept: 9B <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

///
///

Upon the stipulation of the parties to this action, it is hereby ORDERED that:

1. Any information produced by any Party to this case ("Party") as part of discovery in this action may be designated by the producing party(ies) as "Confidential" or "Attorneys Eyes Only" or the equivalent wording. A document should be designated "Confidential" when it contains confidential information such as:

- Financial information regarding any party or witness;
- Software source code;
- Marketing plans;
- Pricing and pricing strategies;
- Profit margins and markups;
- Vendor lists;
- Customer identities and customer lists;
- Agreements with other customers;
- Product information; and
- Communication with other customers.

The listing of these categories shall not be construed as an agreement by either party to actually produce any documents falling under these categories, whether under a protective order or otherwise.

2. A document should be designated "Attorneys Eyes Only" when it contains trade secrets of a technical nature, such as computer programming information, source code, or product development plans, or confidential business/financial information, or other information which would put the producing person or entity at a competitive disadvantage or would involve information of a highly personal and sensitive nature.

3. Information designated "Confidential" or "Attorneys Eyes Only" may be used only in connection with this litigation, and not for any other purpose. Such

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

537701.1
3657-3.1489

-2-
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

information may not be disclosed to anyone except as provided in this Order.

4. Any Party wishing to come within the provisions of this Order may designate in writing, the documents, (as defined in Rule 34 Federal Rules of Civil Procedure and Rule 1001 of the Federal. Rules. Evidence.) or portions thereof which it considers confidential at the time the documents are produced. Each page of the document must be marked "Confidential" or "Attorneys Eyes Only" by the producing party. In the instance of deposition testimony, the attorney for a Party shall designate the level of restriction during the deposition, non-witness Party representatives shall be excluded only from testimony designated "Attorneys Eyes Only." Documents inadvertently produced without the confidential designation may be substituted by appropriately designated documents, provided that it will not be considered to be a violation of the Order if the prior undesignated documents have, prior to the substitution, been disclosed to others. Within 30 days of the receipt of a transcript of the deposition, the attorney for the Party designating the deposition, or portions thereof, as Confidential or Attorneys' Eyes Only shall review the transcript and notify counsel for the other Party of changes, if any, in the extent or level of designation of confidentiality.

5. Any documents stamped "Confidential" as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available only to:

(a) Attorneys of record for the receiving Party, their employees and other attorneys and/or employees of their firms;

(b) Employees of any professional vendors, including photocopy and electronic discovery vendors, utilized by counsel in connection with this litigation;

(c) Judges, law clerks and other clerical personnel of the Court before which this action is pending;

(d) Any mediators selected by the Parties or appointed by the Court;

(e) Independent experts not associated directly or indirectly with a Party,

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

-3-
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

537701.1
3657-3.1489

provided that such persons shall be required to sign an acknowledgement of confidentiality in the form attached hereto.

    (f)    Officers, directors, or employees of the Parties solely for the purpose of and to the extent necessary for prosecuting, defending, and/or appealing this litigation; and

    (g)    Any actual or potential witness, persons expected to testify at any deposition or trial, provided that such persons shall be required to sign an acknowledgment of confidentiality in the form attached hereto.

6.    Documents stamped "Attorneys Eyes Only" as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available only to:

    (a)    Attorneys of record for the receiving party, their employees and other attorneys and/or employees of their firms;

    (b)    Employees of any professional vendors, including photocopy and electronic discovery vendors, utilized by counsel in connection with this litigation;

    (c)    Judges, law clerks and other clerical personnel of the Court before which this action is pending;

    (d)    Any mediators selected by the Parties or appointed by the Court;

    (e)    Independent experts not associated directly or indirectly with a Party, provided that such persons shall be required to sign an acknowledgement of confidentiality in the form attached hereto; and

    (f)    Any actual or potential witness, persons expected to testify at any deposition or trial, provided that such persons shall be required to sign an acknowledgment of confidentiality in the form attached hereto.

7.    Each person permitted by the Parties or their counsel to have access to designated information under the terms of this Order (other than court personnel) shall, prior to being given such access, be provided with a copy of this Order for review. Upon receiving this Order, each person shall sign a statement in the form of

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

537701.1
3657-3.1489

Exhibit A hereto indicating that he or she has read the order and agrees to comply with its terms.

8. The restrictions set forth in this Order will not apply to information which is known to the receiving Party or the public before the date of its transmission to the receiving Party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving Party, its employees or agents which would be in violation of this Order.

9. Any document or evidence filed with the Court or submitted to the Judge which is designated as containing "Confidential" or "Attorneys Eyes Only" information shall be accompanied by an application to file the document or evidence, or the portion thereof, containing the designated information under seal. The application shall be directed to the Judge to whom the papers are directed. For motions, the parties shall file a redacted version of the motion and supporting papers. Neither the fact that counsel have stipulated to filing documents under seal, nor that the filing contains information that one of the parties elected to designate as "Confidential" or "Attorneys Eyes Only" in accordance with the terms of the protective order is sufficient in itself for the Court to find that good cause exists to file the documents or portions thereof under seal. Any such application must establish that protection is clearly warranted for each document, including each exhibit attached to a declaration, for which protection is sought. The documents will be filed in a sealed envelope or other appropriate sealed container marked on the outside with the title of the action, and a statement substantially in the following form:

### FILED UNDER SEAL

This envelope contains information designated confidential and/or attorneys eyes only pursuant to a PROTECTIVE ORDER entered by the Court

and it contents may not be examined or copied except in compliance with that order. Any such application shall be made in full compliance with Local Rule 79-5.1.

10. If, at any time during the preparation for trial or during the trial of this action, any Party believes that any other Party has unreasonably designated certain information as "Confidential" or "Attorneys Eyes Only," or that the so-designated documents or information is excepted by paragraphs 1, 2 or 8, or believes that it is necessary to disclose designated information to persons other than those permitted by this Order, and the producing Party does not agree to change the designation or to the further disclosure, the objecting Party may make an appropriate application to this Court requesting that the specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Order or be available to specified other persons. No disclosure of such information shall be made until ruled upon by the Court. In ruling on such motion, the Court shall have discretion to award reasonable costs, including attorneys' fees, against any Party that the Court finds acted without reasonable justification. Any such application must be made in strict compliance with Local Rules 37-1 and 37-2 including the Joint Stipulation requirement.

11. The Order may only be modified by an order of this Court.

12. Upon termination of this action, unless the attorneys of record otherwise agree in writing, each party shall assemble and return all "Confidential" and "Attorneys Eyes Only" designated materials, including copies, to the person(s) and entity from whom the material was obtained, or shall certify that the documents have been destroyed. The attorney of record may retain one (1) copy of any designated documents attached to any pleading filed with the Court.

13. This Order will not prejudice the right of any Party to oppose production of any information on the ground of attorney-client privilege, work product immunity, or any other protection provided under the law. Nothing in this Order

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

537701.1
3657-3.1489

-6-
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1  shall be construed to render any document or information discoverable which is not
2  otherwise discoverable.
3    14.   Any Party, which has a good faith belief that some third party may
4  object to the production of any documents in that party's possession based upon a
5  written confidentiality provision, shall give that third party written notice of the
6  request for the documents, the alleged confidentiality provision and this order.  If
7  within ten (10) days of receiving said written notice, either the third party does not
8  file a petition in this Court to prevent the production of the documents or the Party
9  does not file a petition in this Court on the third party's behalf, to prevent the
10 production of the documents, then the Party must produce those documents in
11 compliance with this Order.
12   15.   Nothing in this Order shall be construed as authorizing a party to
13 disobey a lawful subpoena in another action.
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

-7-
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

537701.1
3657-3.1489

APPROVED AND AGREED TO:

Respectfully submitted,

_____

FERDIE F. FRANKLIN
State Bar No. 61165
JOHN S. MURRAY
State Bar No. 101145
REYNA E. MACIAS
State Bar No. 247809
WALSWORTH, FRANKLIN, BEVINS
& McCALL, LLP
1 City Boulevard West, Fifth Floor
Orange, California 92868-3677
Telephone: (714) 634-2522
Facsimile: (714) 634-0686

Attorneys For Defendant
BUSINESS AUTOMATION, INC.

PHILLIP L. SAMPSON, JR.
Tex. Bar No. 00788344
CHRISTOPHER L. DODSON
Tex. Bar No. 24050519
BRACEWELL & GIULIANI LLP
711 Louisiana, Suite 2300
Houston, Texas 77002-2781
Telephone: 713-223-2300
Facsimile: 713-221-1212
Phillip.Sampson@bgllp.com
Chris.Dodson@bgllp.com

SASCHA HENRY, Cal. Bar No. 191914
NORMA V. GARCIA, Cal. Bar No. 223512
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714-513-5100
Facsimile: 714-513-5130
SHenry@sheppardmullin.com
NGarciaGuillen@sheppardmullin.com

Attorneys for Plaintiff
FLATROLLED STEEL, INC

 Based on the stipulation of the parties, the foregoing is hereby made the order of this Court.

Dated: _____

_____
Hon. J. Cormac Carney
United States District Court Judge

## ACKNOWLEDGEMENT

I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as ATTORNEYS EYES ONLY and/or CONFIDENTIAL within the terms of the Stipulated Protective Order entered in the action captioned Flatrolled Steel, Inc. v. Business Automation, Inc., Civil Action No. 07-584-CJC (RNB) pending in the Central District of California.

1.  I have read the aforementioned Stipulated Protective Order, and agree to be bound by it.

2.  I hereby agree to submit to the jurisdiction of this Court for enforcement of the undertakings I have made.

3.  I declare the foregoing is true under penalty of perjury.

Dated:_____

_____
NAME

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

537701.1
3657-3.1489

-9-
STIPULATION AND [PROPOSED] PROTECTIVE ORDER